NO. 07-08-0179-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 11, 2009

_____

JOSEPH LARRY HOLDER,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE COUNTY CRIMINAL COURT NO. 5  OF TARRANT COUNTY;

NO. 1094009; HON. JAMIE CUMMINGS, PRESIDING
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

*Memorandum Opinion*

After a jury trial, Joseph Larry Holder was convicted of assault with bodily injury to a family member and sentenced to 300 days confinement in the Tarrant County jail. Appellant timely filed a notice of appeal.

Appellant's appointed counsel has now filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certifies that, after diligently searching the record, he has concluded that appellant's appeal is without merit. Along with his brief, he has filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response *pro se.* By letter dated November 21, 2008, this court notified appellant at his last known address of his right to file his own response by December 22, 2008, if he wished to do so.[2] No response has been received.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed several potential areas of appeal including the sufficiency of the evidence, ineffective assistance of counsel, and an evidentiary ruling. However, he also discussed why each area reveals no reversible error. Thereafter, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any reversible error pursuant to *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991) and concluded the same.

Accordingly, the motion to withdraw is granted and the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.

---

[1] *See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 403 (1967).

[2] That letter was returned to this court as undeliverable with no forwarding address. Appellant's counsel has also informed this court by letter that appellant is no longer living at his last known address and that appellant has an active warrant based on his failure to report to the probation department following his release from jail.